ADDISON ELY

v.

MARY A. PEET.

Plaintiff, in an action for the recovery of certain lots, contracted with her solicitor to transfer to him a certain interest in the lots, in consideration of his paying all costs and disbursements which might accrue or had accrued since a certain time, and in satisfaction of his counsel fees. Plaintiff had

paid all the costs which accrued prior to the time specified.—*Held*, that, in case of plaintiff's recovery, she was entitled, as against her solicitor, to the costs taxed in the case, as costs are recoverable by a party as compensation to him, and the solicitor is only entitled to a lien on them for the repayment of mone⸗ expended by him in the suit.

———

This is, in effect, a bill for specific performance.

The facts are as follows. The defendant, on August 20th, 1889, was induced by one De Arnaud to convey to him twenty-six building lots in East Orange, at a grossly inadequate price, and shortly afterward employed complainant, a solicitor of this court, to bring suit to recover them, which resulted in her favor. *Peet* v. *De Arnaud, 2 Dick. Ch. Rep. 502.* The decree directed a reconveyance of the lots to the complainant, the defendant herein, upon payment by her to De Arnaud of the amount of money he had actually paid her for them, less the amount of her costs of that suit.

Pending the suit, and before December 1st, 1890, defendant had paid complainant divers sums of money to defray the expenses of it. Such payments amounted to $453.28, and were intended to cover all disbursements in and about the suit made by complainant up to September 4th, 1890.

On December 1st, 1890, while the suit was still pending, the parties entered into a written contract, by which, after reciting the previous history of the litigation, it was agreed as follows:

"Now, therefore, the said party of the first part, in consideration of the sum of one dollar to her in hand paid, and in further consideration of the foregoing premises, and in the further consideration of the said party of the second part paying all the counsel fees for the various counsel employed, and in the further consideration of the said party of the second part paying all costs and disbursements which may hereinafter accrue and which have accrued since September 4th, 1890, in said case, and in full payment for the services of the said Addison Ely in said case, hereby agrees to sell unto the said party of the second part an equal undivided one-half interest in the following described property."

There were other provisions in the contract, not necessary, for present purposes, to be noticed.

Subsequently, it was verbally agreed between the parties hereto that the contract should be executed by an allotment of

the lots in severalty, thirteen to each, and the particular lots to be conveyed to complainant were agreed upon.

After the decree of this court in *Peet* v. *De Arnaud* had been affirmed by the court of errors and appeals (*4 Dick. Ch. Rep. 346*), the complainant herein called upon the defendant herein for the cash to reimburse De Arnaud according to the terms of the decree in *Peet* v. *De Arnaud,* and for that purpose required her to advance the entire sum she had received from De Arnaud, without any deduction for the costs of the suit, which were taxed at $238.18. To this demand defendant objected, claiming that such costs belonged to her. Finally, and under protest, defendant paid complainant the larger sum, reserving her right to contest the question of her right to the costs, and complainant thereupon procured from De Arnaud the conveyance of the lots to defendant, paying him the amount received from Miss Peet for that purpose, less the amount of the taxed costs, which he retained in his hands. Miss Peet subsequently conveyed twelve of the lots to complainant, reserving one lot to secure her for whatever of the taxed costs she was entitled to. The bill prays that she may be decreed to convey this remaining lot to the complainant without the payment of any part of the taxed costs.

By a stipulation between the parties, the single question submitted is as to which is entitled to the taxed costs in *Peet* v. *De Arnaud.* No question was raised as to the validity of the contract of December 1st, 1890.

*Mr. Addison Ely, pro se.*

*Mr. George R. Dutton,* for the defendant.

PITNEY, V. C.

The case presents no difficult question of law for solution. It turns, as it seems to me, on the construction of the contract of December 1st, 1890. That contract provided that the defendant should convey to the complainant a one-half interest in the lots in question,

Ely *v.* Peet.

"in consideration of the complainant's paying all the counsel fees for the various counsel employed, * * * and all costs and disbursements which may hereinafter accrue, and which have accrued since September 4th, 1890, in said case, and in full payment for the services of the said complainant in said case."

Costs are recoverable by a party to reimburse him for money which he has necessarily expended in the prosecution or defence, as the case may be, of his suit. They are recovered by the party, and the judgment or decree is in his favor, and not in favor of the attorney or solicitor. Unless the party has paid, or has become liable to pay, the several items of costs, he is not entitled to recover them, and he is supposed to have actually paid the various sums recovered before or at the moment of entering the judgment or decree. In fact, however, he has seldom paid all of them, but in practice most of them, except witness fees, have been paid by the solicitor or attorney, and that officer has frequently received nothing from his client. As between the party and his solicitor or attorney, it frequently, if not generally, happens that all the costs recovered belong to the latter. Hence arises what is called the solicitor's or attorney's lien upon the decree or judgment for his costs, and it has come to be a common expression to say that the costs belong to the solicitor or attorney, as the case may be. But this does not alter the intrinsic character of the affair, which is, as before remarked, a recovery by the successful party against the defeated party of certain payments which he has made or become liable to make to his solicitor, counsel and to other parties.

The fees of the attorney and solicitor and counsel, as at present allowed and taxed, are sums fixed by the legislature as compensation to be paid by the client to the attorney or solicitor in the suit, for the services specified. They are recoverable by the successful party against the unsuccessful party, as before remarked, as compensation to the client, and not as a reward to the attorney or solicitor contingent upon his success in the suit. In the absence of any express agreement on the subject, the duty of the client to pay them, and the right of the attorney or solicitor to

demand them from his client, does not depend upon success in the suit or the recovery of costs.

In the case in hand, the costs recovered from De Arnaud belonged, in the first instance, to the defendant, Miss Peet, but so much of them as she has not already paid to the complainant, she should and must pay him.

Previous to the contract of December 1st, 1890, she had paid him $453.28 for disbursements up to September 4th, 1890, and since that she has conveyed to him all the lots agreed to be conveyed, except the one in controversy. She also, in effect, paid him the full bill of taxed costs, but under protest.

Now, clearly, under these circumstances, complainant was not and is not entitled to all of those costs. He is not entitled to any of the solicitor's or counsel fees contained in it, for he agreed to accept one-half the lots in full payment for all his services. It is impossible to escape the force of this language. And for the same reason, he is not entitled to so much of the disbursements prior to September 4th, 1890, as were included in the taxed bill of costs and covered by the payment just mentioned.

The only question which appears to me to be open to the least debate is as to the disbursements included in the taxed bill of costs, which arose after September 4th, 1890. The contract of December 1st, 1890, is silent as to taxed costs and disbursements therein included, and makes no provision as to which of the parties should be entitled to them if recovered.

Complainant agreed to pay them in consideration of the conveyance to him of a one-half interest in the lots. The question then arises, for whom did he agree to pay them, for defendant or for himself, or for both? At first I was inclined to take the view that these disbursements were made by the complainant for himself, and not for the defendant. But reflection has disclosed the fault of that view. If the disbursements were made for the complainant, the solicitor, and not for the defendant, the client, then the defendant was not entitled to recovery for them against De Arnaud, and they should not have been included in the taxed bill of costs. For, as we have seen, it is only on the ground that the prevailing party either has paid or is liable to pay them,

that they are included at all therein. By inserting them in the taxed bill of costs, complainant has admitted that they belong, primarily, to defendant, and having done so he can only recover them from defendant, or, having received them under protest, can only retain them by showing that she has not paid him the amount. In short, he can claim to detain these costs only on the ground that the defendant owed them to him at the time he received them. This, under the contract, I conclude he cannot do. Defendant did not owe him on that account, or, rather, whatever she owed him she had agreed to pay by conveyance of these lots, and he had, in effect, agreed to accept them in payment.

The logic of the situation is that defendant must be considered as having recovered these costs, because she either had paid them or was bound to do so, and that she agreed to pay them to complainant by the conveyance of the lots, and the complainant cannot have both the lots and the money covered by the taxed bill of costs.

I will decree that the complainant is entitled to a conveyance of the lot here in question only upon payment of the taxed bill of costs, with interest according to the terms of the stipulation, and the costs of this suit.